## Frey's Estate.

*Decedent's estates—Sale of interest in estate—Fraud—Inadequacy of price—Evidence.*

Where a man twenty-five years of age having a vested and undivided interest in a decedent's estate persists against the advice of his father, brothers-in-law, and aunts, in selling to them his interest at a price fixed by two real estate companies with the consent of all parties, he cannot, in the absence of any fraud or imposition upon him, have the vendees surcharged in his favor at the final distribution, because the interest was subsequently sold at a price of twice the amount which he received.

Argued Oct. 19, 1908. Appeal, No. 27, Oct. T., 1908, by William E. Kramer, from decree of O. C. Allegheny Co., Sept. T., 1907, No. 221, dismissing exceptions to the adjudication in Estate of Ernest Frey. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication. Before MILLER, P. J.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*James S. Campbell,* for appellant, cited: Brooks v. First Presbyterian Church, 128 Pa. 408; Darlington's App., 86 Pa. 512; Miskey's App., 107 Pa. 611; Worrall's App., 110 Pa. 349; Shea's App., 121 Pa. 302; Reinhard v. Keenbartz, 6 Watts, 93; B. & O. R. R. Co. v. Hoge, 34 Pa. 214; Kauffman v. Swar, 5 Pa. 230; Krupp v. Scholl, 10 Pa. 193; Woods v. Gummert, 67 Pa. 136; Hartman v. Shaffer, 71 Pa. 312; Glessner v. Patterson, 164 Pa. 224; Hirsh v. Wenger, 182 Pa. 246; Van Sciver Co. v. McPherson, 199 Pa. 331; Stauffer v. Young, 39 Pa. 455.

*W. B. Rodgers,* with him *John M. Goehring,* for appellees.

PER CURIAM, January 4, 1909:

Appellant under his grandfather's will was entitled to an undivided eighth of certain real estate, the other heirs being his aunts and his sister. In September, 1905, when he was twenty-four years old and had been in business for himself for a year, he was in financial difficulties and consulted with Brahm who was the husband of one of his aunts, was one of the grandfather's executors, had been one of appellant's guardians, and was a man of means and business experience. At first appellant desired to raise money by mortgage, but being told that in Brahm's opinion he could not do this as his interest was an undivided one, he announced to Brahm that he had determined to sell his interest. He was asked to give the other heirs the first chance; thereupon it was agreed between them that a family conference should be held; this took place about September 15, at the home of the claimant's father; at this meeting there were present, appellant's father, his aunt, Mrs. Brahm, with her husband, his aunt, Mrs. Lotz, with her husband, Mrs. Beegle, with her husband, and his sister, Augusta Kramer. The latter was invited to join in the negotiation, but declined for lack of funds. Appellant told those assembled that he was there to sell his one-eighth interest in this real estate; they all urged against it, telling him they did not believe he was qualified to take up the study of medicine, which he contemplated, and that holding the realty secured him a fixed income; upon his persistence and expressed determination to dispose of his interest the parties discussed the price, he asking $10,000 for his interest, which they thought was too high; thereupon it was mutually agreed between him and them that a valuation be obtained from two real estate trust companies. This was done and the average valuation by these companies was adopted and the sale made.

Several months later the property was sold by the executors for double the amount of the price paid to appellant and afterwards resold by the vendee at another advance.

On the filing of the executors' account the appellant made claim against Brahm and certain heirs of the decedent for the payment to him of the difference between the amount at which

he had sold his interest, and the amount they received for it, on the ground that fraud and undue advantage was taken of him; the difference claimed was about $7,000.

The auditing judge (MILLER, J.) after finding the facts, of which the foregoing is a condensed statement, filed the following opinion:

"Nothing is better settled than that fraud vitiates a contract; the courts will go far to set aside or otherwise rectify a result obtained by imposition, overreaching, undue influence and especially a violation of a trust or confidence relationship.

" But when the minor was of age and the duties of accounting for and distributing the fund had been performed there no longer existed the relationship of guardian and ward; what Kramer subsequently received prior to the sale of his interest in the real estate was in his own right, a share of rents through the hands of his father who acted for his coexecutors in keeping the accounts; there was nothing further to account for as guardian; the original testamentary appointment carried no further duties.

"The facts found are based upon claimant's own testimony. He did not ask Brahm's advice as to the propriety of selling; he came to all with the expressed determination to sell and refused the advice proffered that it was not wise to do so; notwithstanding the efforts of his father, of Brahm and of his aunts, he was persistent to receive the money for his interest in this land. He agreed upon the method of fixing the price; was a party to the arrangement by which this was done and himself named the amount.

"There is no approach to fraud or bad faith in these appraisements or valuations; it is wholly immaterial what they were called or whether any record was made of them; he had notice of them, saw them, and acted upon them. It appears that they were made by the companies themselves through their accredited representatives as the evidence and the signatures to the letters attest.

"There was no evidence or offer of evidence tending to show that Brahm or any of the other parties had any knowledge of the value of this real estate which they concealed from

Kramer, or that they had placed any value thereon, or that they were parties to any negotiation with knowledge reserved, of a price or purchaser therefor, in excess of that received by Kramer; nor is there any evidence or offer of evidence that they had information which they ought to have disclosed to him; they owed him no duty which required them to take more care of him than he did of himself.

"While Brahm was mistaken in telling Kramer he thought he could not mortgage his undivided interest in the land, there is nothing in the evidence to warrant a finding that this was a fraudulent statement or carried with it an intent to deceive. This opinion is held by many who have no special knowledge on the subject. It was as much the duty of Kramer to find out from competent authority whether this could be done, and was as easy to ascertain, as was his inquiry and discussion of the probable value of this land prior to the time of his sale.

"It is wholly immaterial what was asked for the property after Kramer sold it, or what the owners did for the purpose of obtaining a higher price, if there was no fraud perpetrated or imposition practiced upon him in obtaining his interest.

"Every opportunity was given him to show an arrangement or prior knowledge or a concealment of material facts in Brahm or any of the others by which imposition might be presumed. Failing to present any evidence or offers of evidence to substantiate his naked allegation of fraud, undue influence or violation of a trust at and prior to his sale, the attempt to bring into the case the subsequent value of this property could have no possible bearing upon the issue as raised.

"It may be conceded that gross inadequacy of price is not only suspicious but fraudulent per se as between a guardian and ward; so in any other relationship of trust and confidence where guardian or trustee directly or indirectly profits by the imposition he has practiced: Eberts v. Eberts, 55 Pa. 110; the best faith must be observed between parties occupying this relationship: Wills's Appeal, 22 Pa. 325.

"But 'if the vendor was thoroughly acquainted with every fact which it was necessary for him to know; if he was 21 years of age and of sound mind; if there were no circumstances which

gave the vendee an improper control over him amounting to mental imprisonment; if in short the vendee behaved honestly and the vendor was able to act like a free man with his eyes open, then the one had a right to sell and the other to buy on any terms they saw proper to agree upon. The law will never interfere between the parties themselves to set aside an honest contract which they have voluntarily made:' " Davidson v. Little, 22 Pa. 245, or as stated in Whelen v. Phillips, 151 Pa. 312, "in the absence of a trust relation any person sui juris may sell upon any sum agreed upon.

"Here as in Jackson's Estate, 203 Pa. 33, 'The vendor is dissatisfied with and repents the bargain he made, but he has no one other than himself to condemn.' Kramer was not an heir expectant, the estate was fully vested in him, no one exercised any improper control over him, and he was long past the age when the law made him competent to transact business as he saw fit.

"Inadequacy of price, improvidence, surprise, and mere hardship, none of these, nor all combined, furnish an adequate reason for a judicial rescission of a contract. For such action something more is demanded—such as fraud, mistake or illegality:" Graham v. Pancoast, 30 Pa. 89.

"This claimant, in his 25th year, against the advice of his father, brothers-in-law, and aunts persisted in selling and did sell to them on terms which he himself fixed. In the absence of any color of fraud, or violation of trust, he dealt with them at arm's length. He has therefore no standing in a court of equity for relief, and his claim must be dismissed.

"It is doubtful whether on the pleading and record even if the semblance of a case had been made out, relief could have been granted in this proceeding. But the question is not raised; we have accepted the issue as presented and have disposed of the question on its merits."

The court in banc dismissed exceptions to the adjudication and on it the decree is affirmed.