## Nunge *v.* Crawford et al., Appellants.

*Vendor and vendee—Contract for sale of real estate—Principal and agent—Fraud—Consideration—Inadequacy — Equity — Specific performance.*

In an action for specific performance of a contract for the sale of real estate, plaintiff cannot be held responsible for fraud practiced on defendants by their own agent.

Inadequacy of consideration is not ground for refusing specific performance, unless there is evidence of fraud or unfairness to make it inequitable to compel performance.

Inadequacy of price, improvidence, surprise and mere hardship, none of these, nor all combined, furnish an adequate reason for a judicial rescission of a contract. For such action something more is demanded; such as fraud, mistake or illegality.

Argued April 23, 1926.   Appeal No. 93, April T., 1926, by defendants, from decree of C. P. Allegheny County, sitting in equity, April T., 1924, No. 2665, in the case of J. W. Nunge v. Jennie Crawford and Ellen Walker and J. C. Walker, her husband.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Bill in equity to compel specific performance of a contract to convey real estate.   Before CARPENTER, and FORD, JJ.

The facts are stated in the opinion of the Superior Court.

The court decreed specific performance of the contract.   Defendants appealed.

*Errors assigned* were, among others, the rejection of testimony of defendants' witnesses and the decree of the court.

*W. T. Tredway,* and with him *Edward A. Kraus, Jr.,* for appellant.

Misrepresentation without fraud is a ground for recision of a contract:   Riegel v. Amer. Life Ins. Co., 140

Pa. 193; Elbert v. O'Neil, 102 Pa. 302; Friend v. Lamb, 152 Pa. 529; Spotts v. Eisenhaurer, 31 Pa. Superior Ct., 89; Schimpff v. Dime D. & D. Bank, 208 Pa. 480.

*Harry Ravick,* and with him *Saul Chersky,* for appellee.

Special performance was properly decreed: Goettel v. Sage, 117 Pa. 298; Miles v. Stevens, 3 Pa. 21; 21 Corpus Juris, 88; Rennyson v. Rozell, 106 Pa. 407; Dillon v. Moore, 48 Pittsburgh Legal Journal, 436.

OPINION BY GAWTHROP, J., July 8, 1926:

On October 4, 1923, the parties to this suit entered into a written contract wherein the defendants joined with others in agreeing to grant and convey to the plaintiff a certain lot of ground situate on Brownsville Avenue, in the City of Pittsburgh, for a consideration of $2500, $100 of which was paid down at the execution of the contract. At the time fixed for the settlement, December 1, 1925, the plaintiff tendered a deed and the balance of the purchase money and all of the grantors, except the defendants, signed and acknowledged the deed. The defendants refused to join therein. On March 11, 1924, the plaintiff brought this bill, asking for the specific performance of the contract by the defendants. While the docket entries show that both Jennie Crawford and Ellen Walker filed answers to the bill, the only answer set out in the printed record is that of Ellen Walker. She averred therein that the opening of the Liberty Tunnel and a driveway by the City of Pittsburgh near the land which is the subject of this suit, during the years 1922 and 1923, caused it to be worth at least $7500 in the market; that she signed the contract of sale at her home in the State of Texas, where she has been living for a number of years, without having any knowledge of the increased value of the property due to the operations by the city; that J. J. McAllister, a real estate broker, who procured the plaintiff as a purchaser, forwarded the

contract to her; that McAllister was familiar with the scope, nature and character of the aforesaid improvements made by the city and their effect upon the value of defendants' land, but that he told Jennie Crawford at and before the time of the execution of said agreement by her that he had information that the City of Pittsburgh was going to take the front part of said real estate, that the remaining part would be of little value, that the defendants on account of their lack of financial means would not be able to litigate successfully against the city and, therefore, would have to take what the city would be willing to pay them, and that it would be advisable to sell the real estate for $2500. It was averred that $2500 is a grossly inadequate price for the lot. The learned chancellor entered a decree directing specific performance of the contract by the defendants, giving as the reasons for his action that there was no evidence showing deception or unfair dealing on the part of the plaintiff, or any breach of trust on the part of McAllister, defendants' agent for the procuring of the contract of sale. The defendants appealed.

At the trial the defendants offered to prove by witnesses called to the stand that at the time of the signing of the contract of sale the land had a market value of not less than $7500, and that McAllister said a short time before the date of the contract in respect to an offer of $3500 for the property, "those are pre-war prices and the property could not be had under $7200." The exclusion of these offers is the subject of the first five assignments of error. The evidence was properly excluded, as there was no proof of fraud or unfair dealing by anyone except McAllister, whom the court found to have acted solely on behalf of the defendants. Plaintiffs cannot be held responsible for a fraud practiced on defendants by their own agent, if any there was. With the question of fraud out of the case mere inadequacy of the price was not a valid defense. In-

adequacy of consideration is not ground for refusing to decree specific performance of a contract to convey real estate, unless there is evidence of fraud or unfairness in the transaction sufficient to make it inequitable to compel performance: Welsh v. Ford, 282 Pa. 96, and cases therein cited. Inadequacy of price, improvidence, surprise and mere hardship, none of these, nor all combined, furnish an adequate reason for a judicial rescission of a contract. For such action something more is demanded,—such as fraud, mistake or illegality: Frey's Estate, 223 Pa. 61, 65. Although relief in equity is a matter of grace and not of right and rests in the discretion of the chancellor, we find nothing in the circumstances of this case indicating that the chancellor ought not to enforce the contract according to its terms. There was no abuse of discretion in entering the decree.

The decree is affirmed at costs of appellants.