|       |      |
|-------|------|
| 183   | 271  |
| e216  | 528  |
| e216  | 529  |

## J. R. Fricke, Appellant, *v.* the Safe Deposit and Trust Company, Administrator d. b. n. c. t. a., of Arthur Hobson, deceased.

*Ejectment—Value of improvements—Equity.*

Where a plaintiff in an ejectment has recovered upon his legal title he cannot subsequently be compelled by a bill in equity to account for the value of the improvements placed upon the land by the defendant. In such a case the defendant has no claim other than such as it was his right and duty to enforce, either upon the trial of the ejectment, if the Act of April 12, 1842, P. L. 265 applied, or by way of defense to an action for mesne profits.

Argued Oct. 29, 1897. Appeal, No. 119, Oct. T., 1897, by plaintiff, from decree of C. P. No. 3, Allegheny County, May Term, 1897, No. 156, dismissing bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity for an account.

The bill alleged :

1. That by the deed from Mary Ann Menold et al., dated July 12, 1873, and recorded in the recorder's office in and for said county of Allegheny, Hannah Fricke, the wife of the plaintiff herein, acquired the title to a lot or piece of ground situate in the Sixteenth ward of the city of Pittsburg, county of Allegheny and state of Pennsylvania, being one of three lots, marked "A," in the plan of the subdivision of Union Park, attached to the proceedings in partition of the estate of Philip Winebiddle, deceased, at No. 1 of March term, 1872, in the orphans'

court of Allegheny county aforesaid, and bounded and described as follows, viz : . . . . that on October 8, 1874, she, the said Hannah Fricke, together with her said husband, by deed of said date, recorded in the recorder's office aforesaid, conveyed the said lot or piece of ground unto J. L. and W. H. Hastings, in fee simple.

2. That on December 23, 1875, the said J. L. and W. H. Hastings executed and delivered unto Arthur Hobson a mortgage on said described lot of ground, to secure the payment of the sum of seven thousand five hundred ($7,500) dollars, the said mortgage being of record in the recorder's office aforesaid.

3. That the said Arthur Hobson died on or about June 4, 1877, having first made his last will and testament, duly probated and registered in the register's office in and for said county, wherein and whereby, after numerous bequests and devises, he appointed James A. Sholes and Bella Hobson to be the executors thereof, to whom letters testamentary of said decedent's estate were duly issued ; that in and by said last will and testament said Arthur Hobson, inter alia, devised and bequeathed unto his said executors, in trust for certain purposes therein mentioned and specified, certain of his property, of which said property the said mortgage was a part.

4. That the said James A. Sholes and Bella Hobson, executors of said Arthur Hobson, deceased, issued a writ of scire facias on said mortgage in the court of common pleas, No. 1, of Allegheny county aforesaid, and on October 24, 1879, a judgment was entered therein against said J. L. and W. H. Hastings in favor of said James A. Sholes and Bella Hobson, executors of said Arthur Hobson, deceased, for the sum of $9,147.49 ; that a writ of levari facias was issued on said judgment, and the said lot or piece of ground was sold by the sheriff of said county to said James A. Sholes and Bella Hobson, executors of said Arthur Hobson, deceased, and pursuant to said sale a sheriff's deed for said lot of ground was acknowledged January 17, 1880, by Thomas H. Hunter, Esq., the then sheriff of said county, and delivered to said James A. Sholes, one of said executors aforesaid of said Arthur Hobson, deceased, which said sheriff's deed is of record. in the prothonotary's office in and for said county, in sheriff's deed book.

5. That upon a lien for taxes assessed by the city of Pitts-

burg against said lot of ground for the years 1877 and 1878, filed and entered at No. 25, September term, 1881 (D. T. D.), court of common pleas No. 1, in the name of said plaintiff, J. R. Fricke, husband of Hannah Fricke, the former owner, amounting to the sum of $45.66; a writ of scire facias was issued to the first Monday of September, 1881, and service thereof was made upon said J. R. Fricke, the plaintiff herein, who was named as owner and defendant in said lien.

6. That upon receiving service of said writ of scire facias, as aforesaid, plaintiff gave the copy thereof—left with him by the sheriff—before the return day thereof, to the said James A. Sholes, executor as aforesaid of said Arthur Hobson, deceased.

7. That on February 16, A. D. 1882, a judgment was entered upon said tax lien and scire facias thereon, in default of an appearance and affidavit of defense, for the sum of $50.23; that upon said judgment so entered a writ of levari facias was issued, and the said lot of ground was sold thereon by the sheriff of said Allegheny county to J. Charles Dicken, Esq., for the sum of $306, to whom a sheriff's deed for said lot of ground was duly acknowledged by Wm. McCallin, Esq., the then sheriff of Allegheny county, on April 19, A. D. 1882, which said sheriff's deed was duly delivered to the said J. Charles Dicken, Esq., and is of record in the prothonotary's office of Allegheny county aforesaid, in sheriff's deed book, and in the recorder's office in said county.

8. That the said plaintiff herein, being advised and verily believing that the title of the said J. Charles Dicken, Esq., to the said lot of ground acquired as aforesaid by virtue of said sheriff's sale and deed therefor, on said tax lien, was an indefeasible title in fee simple, purchased the said lot of ground from him, and obtained a deed of conveyance therefor, dated April 9, 1883, the same being of record in the recorder's office aforesaid.

9. That the said plaintiff herein, after purchasing said lot of ground as aforesaid, entered into the possession thereof, and relying upon his title thereto, commenced the improvement thereof—first, the grading and filling up of said lot of ground in order to make the grade thereof conform to the grade of said Mifflin street, on which said lot abutted, the said lot being then much below said street in grade, at the cost to said plaintiff in

the grading and filling of said lot, of the sum of $1,000; and the said plaintiff, relying upon his said title as aforesaid, in the year 1888, commenced the erection of buildings upon said lot of ground, and from that time until the year 1890, he erected thereon twelve brick dwelling houses, at a cost to him of $30,000, making an aggregate amount expended by said plaintiff of $31,000—in and about the improvement of said lot or piece of ground.

10. That the said James A. Sholes died on or about December 10, 1888, and the said Bella Hobson died on or about March 17, 1890, and the said Safe Deposit and Trust Company was duly appointed by the register of Allegheny county aforesaid administrator de bonis non cum testamento annexo of the estate of the said Arthur Hobson, deceased, and as such the said Safe Deposit and Trust Company took upon itself the duty of executing the trusts mentioned and contained in the said last will and testament of the said Arthur Hobson, deceased, and is now in the possession of said trust estate.

11. That the said defendant, administrator de bonis non cum testamento annexo of the estate of the said Arthur Hobson, deceased, commenced an action of ejectment in the court of common pleas, No. 3, of said county, against this plaintiff, J. R. Fricke and others, tenants then in the possession of the said lot of ground and the said twelve dwelling houses erected thereon, for the recovery of the said lot of ground, on the ground that the said taxes for the years 1877 and 1878, not having been assessed in the name of the registered owners, J. L. and W. H. Hastings, and the proceedings not having been taken against them, the said sheriff's sale on said tax lien passed no title to J. Charles Dicken, Esq., the purchaser, and the title of the executor of the estate of the said Arthur Hobson, deceased, acquired by virtue of said proceedings and sheriff's sale on said Hastings' mortgage was not divested thereby; that the said action of ejectment was tried in said court, and a verdict in favor of said Safe Deposit and Trust Company, administrator as aforesaid, was rendered therein on June 2, 1892, upon which verdict a judgment was entered on October 2, 1892; that upon an appeal by this plaintiff to the Supreme Court of Pennsylvania, said judgment was affirmed and the said defendant herein thereby recovered the possession of the said lot of ground,

together with all of the said buildings and improvements erected and made thereon, as aforesaid, by the plaintiff herein.

12. And further, that during the eight years and upwards that plaintiff was in possession of said lot of ground, to wit: from April, 1883, until the commencement of said action of ejectment in December, 1891, his said possession of said property was undisputed by said defendant herein, and its predecessors in said trust, or any of the beneficiaries under the said last will of said Arthur Hobson, deceased; that he had no notice or knowledge during said time from any party interested as aforesaid in said property, or from any other person or persons that his title thereto was defective; that in the erection of said buildings on the said lot of ground, and in the making of all improvements thereon during the said time, he acted bona fide and innocently, relying on his said title and possession acquired by him as aforesaid, under and by virtue of said sheriff's sale on said tax lien, and the conveyance to him as aforesaid by the said J. Charles Dicken, Esq., as an indefeasible title in fee simple, in said lot of ground.

13. That the said buildings and improvements erected and placed upon said lot of ground by the plaintiff as aforesaid were such as were reasonable and proper for the improvement of said property, and have conferred a substantial benefit on the said estate of the said Arthur Hobson, deceased, in the hands of said defendant, in trust as aforesaid, and have enhanced and increased the value of the said lot of ground to the full amount of the cost thereof, expended by this plaintiff, to wit: the sum of $31,000.

14. That said defendant, administrator as aforesaid, in equity and by right and justice should pay to him, the said plaintiff, the aforesaid value of the said buildings and improvements erected and made as aforesaid by him, on said lot of ground.

That plaintiff has no adequate remedy at law and, therefore, prays relief as follows :

1. That an account be taken of the cost and value of the said buildings and improvements erected and made by said plaintiff, on said lot, or piece of ground during the time he was in the possession thereof, as aforesaid.

2. That by a decree of your honorable court, the said defendant, administrator de bonis non cum testamento annexo of the

last will and testament of the said Arthur Hobson, deceased, be required to pay to your orator the value of said buildings and improvements.

3. And that your orator be granted such further and other relief as to your honorable court may seem meet and just.

The demurrer was as follows :

And now comes the Safe Deposit and Trust Company, administrator de bonis non cum testamento annexo of Arthur Hobson, deceased, defendant, and demurs to the bill of complaint filed in this case, for the reason that the said bill of complaint does not disclose a case which entitles the complainant to the relief prayed for.

McClung, J., filed the following opinion :

Under the case as presented by the bill it is clear that the plaintiff has no claim other than such as it was his right and duty to enforce, either upon the trial of the ejectment (if, as he claims, the act of 1842 applies), or by way of defense to an action for mesne profits. The defendant here—plaintiff in the ejectment—recovered upon a legal title, and cannot be brought into equity and made to account for the value of the improvements. The demurrer should be sustained and the bill dismissed at plaintiff's cost.

And now, to wit, June 19, 1897, it is ordered and decreed that the demurrer in this case be sustained and the bill dismissed at plaintiff's cost.

*Error assigned* was decree of the court.

*C. S. Fetterman*, with him *S. A. & Charles M. Johnston*, for appellant.—If suit were brought against the complainant for rents, issues and profits, there could be no doubt about the right of complainant to recoup the value of improvements, even at law: Stark v. Starr, 1 Sawyer (U. S.), 15 ; Bright v. Boyd, 1 Story's Rep. 478 ; 2 Story's Equity Juris., sec. 799, notes *a* and *b*, secs. 1237, 1238, 1239; 2 Kent, 334, note *a* ; Morrison v. Robinson, 31 Pa. 456 ; Kille v. Ege, 82 Pa. 102 ; Ege v. Kille, 84 Pa. 333.; Putnam v. Tyler, 117 Pa. 570 ; Phillips v. Coast, 130 Pa. 572 ; Beeson v. Beeson, 9 Pa. 279 ; Harper's Appeal, 64 Pa. 315 ; Wells v. Van Dyke, 109 Pa. 330.

In such a case as the present one there is no inflexible rule that the allowance for permanent improvements shall not exceed the rental value during the occupancy : Canal Bank v. Hudson, 111 U. S. 83 ; Phillips v. Coast, 130 Pa. 572 ; McKay v. Trainor, 152 Pa. 242.

A purchaser whose title is defeated by proof of actual payment of the tax for which the land was sold is nevertheless entitled to recover compensation for his improvements: Gilmore v. Thompson, 3 W. 106 ; Lynch v. Brudie, 63 Pa. 206.

And a defendant who, by fraud, has been induced to satisfy a valuation for improvements made under a tax title, is not estopped from having a new valuation, on a second ejectment by the same plaintiff : Pendleton v. Richey, 32 Pa. 58 ; Lynch v. Brudie, 63 Pa. 206 ; Griswold v. Bragg, 48 Fed. Rep. 519.

*A. M. Imbrie,* and *Thomas M. Marshall,* for appellee, were not heard, but argued in their printed brief that whatever rights the appellant had with reference to the subject-matter of the bill ought to have been, and, in fact, were presented as defense in the two actions of ejectment. If, however, he neglected to do so or failed in it, he ought not to be heard now : Paull v. Eldred, 29 Pa. 416 ; Putnam v. Tyler, 117 Pa. 588 ; Newell on Ejectment, sec. 41, page 634 ; Skiles's App., 110 Pa. 251.

If the true owner can recover his land by an action at law, equity will not, in the absence of fraud, compel him to reimburse the occupant, even in good faith, for disbursements made in repairs and improvements: 3 Pomeroy's Equity Jurisprudence, sec. 1241 ; 2 Story's Equity Jurisprudence, sec. 1238 ; Newell on Ejectment, 634.

PER CURIAM, November 8, 1897 :

The learned judge of the court below was clearly right in sustaining the demurrer and dismissing the bill at plaintiff's costs. For reasons given in his opinion, the decree is affirmed and appeal dismissed at appellant's costs.