## Patchin, Appellant, *v.* Seward Coal Company.

*Lunacy—Sale of lunatic's land—Order of sale—Notice to next of kin—Jurisdiction of court—Ejectment.*

1. In an action of ejectment by the heirs of a lunatic to recover land sold by the committee of the lunatic under an order of court in the lunatic's lifetime, parol evidence is inadmissible to show that no notice had been given to the wife or the next of kin of the lunatic of the intended application to secure an order of sale, where the record shows that such notice had been given.

2. Where an order of court directs the committee of a lunatic to sell lands within the county, and also authorizes the committee to apply for an order of court in another county to sell lands therein situated, it must affirmatively appear from the record of the court making the original order that the widow and heirs at law of the lunatic were served with notice of the proceedings. Notice of the proceedings in the other county alone, is insufficient.

3. In a proceeding to secure an order of court authorizing the committee of a lunatic to sell land, the facts set out in the petition determine the jurisdiction of the court.

Argued Oct. 6, 1909.   Appeal, No. 83, Oct. T., 1909, by plaintiffs, from judgment of C. P. Westmoreland Co., Nov. T., 1906, No. 548, on verdict for defendants in case of Edward Patchin et al. v. Seward Coal Company, et al.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Ejectment for land in St. Clair township.   Before McCONNELL, J.

At the trial it appeared that the land in dispute had been sold by A. D. Bates, committee in lunacy of George Patchin, in the latter's lifetime to the predecessor in title of the defendant.   George Patchin resided in Clearfield county, and his

committee secured an order of court, directing the sale of land in Clearfield county, and also authorizing an application to the court of Westmoreland county for an order to sell the lands in controversy. The records both of Clearfield and Westmoreland county showed on their face service of notice of the proceedings on the widow and next of kin.

The court under objection and exception admitted these records. [1, 2]

When Mollie Patchin was on the stand the following offer was made:

Mr. Robbins: It is proposed to ask the witness on the stand, Miss Mollie Patchin, who is a daughter of George E. Patchin, deceased, and one of his heirs and next of kin, with regard to the alleged notice attached to the proceedings at No. 252 of December Term, 1897, in the court of common pleas of Clearfield county, which has been offered in evidence by the defendants, whether or not such notice was presented to her and when, and whether or not the several names signed thereto were signed by the proper persons, or how they were signed, and also to inquire whether she was present when the alleged notice was signed, and who signed it—for the purpose of showing that the alleged notice is not such notice as required by the act of 1836 to be given by a committee of a lunatic prior to an application for sale of real estate in order to give the court jurisdiction; and that the signatures to said notice are not genuine; that the same is not signed by the parties purporting to have signed the same: and also for the purpose of rebutting any presumption that might arise upon the face of the paper itself.

Mr. Moorhead: To this offer counsel for defendants object, for the reason that there is nothing in the pleadings in this case to show that any question such as is offered now to be proved with regard to the signatures not being genuine, was heretofore raised; and, second, that the proof itself would be immaterial and irrelevant so far as a purchaser under said proceedings would be concerned, or the present defendants holding under such purchaser.

3. The witness now offered was one of the children of George

Patchin who is admitted by the pleadings to have been of full age at the time said notice was given.

4. The other purpose in the offer, to show that it was not such a notice as the law requires, is not one about which the witness can testify.

Mr. Robbins: We add to the offer: to be followed by evidence that Edward Patchin, H. C. Patchin and Frank Patchin did not sign the alleged notice attached to the pleadings heretofore offered in evidence by the defendants; that they never heard of the same or saw the same until they appeared here at Greensburg in connection with the trial of this case two days ago, nor did they authorize any person else to sign said notice for them or approve of any person's action in connection therewith.

Mr. Moorhead: The same objection.

The Court: The proofs that are now offered are substantially an attack upon the record in the common pleas of Clearfield county on the ground of fraud, and no basis for an attack on that ground having been made in their pleadings, the first objection made to the admissibility of the evidence is sustained. An exception may be noted in favor of the plaintiffs. [3, 4]

Verdict and judgment for defendants. Plaintiffs appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions, and (10) in giving binding instructions for defendants.

*John E. Kunkle and A. L. Cole,* with them *Edward E. Robbins,* for appellants.—The court of Clearfield county had no jurisdiction to make the order: Spencer v. Jennings, 123 Pa. 184; Mitchell v. Spaulding, 206 Pa. 220; Bennett v. Hayden, 145 Pa. 586.

The rule that the record imports absolute verity which may not be impeached by parole does not apply where fraud is charged, and the fraud need not appear on the face of the record itself. It is sufficient that by giving effect to the record, fraud would result: Mitchell v. Kintzer, 5 Pa. 216; Kintzer v. Mitchell, 8 Pa. 64; Lowry v. McMillan, 8 Pa. 157;

Thorne v. Ins. Co., 80 Pa. 15; Hemphill v. Pry, 183 Pa. 593; Smith v. Wildman, 178 Pa. 245.

An unauthorized decree of an orphans' court for the sale of land will not stand until reversed in a regular court of appeals, but may be questioned in a collateral suit by or against a person claiming under that decree: Messinger v. Kintner, 4 Binn. 97; Snyder v. Snyder, 6 Binn, 483; Sager v. Mead, 164 Pa. 125.

*Wm. Williams*, with him *Jas. S. Moorhead, Robt. W. Smith* and *W. David Lloyd*, for appellees.—The facts set out in the petition determine the jurisdiction: Bennett v. Hayden, 145 Pa. 586.

The court of common pleas of Westmoreland county was bound to give full faith and credit to the decree and order of the court of common pleas of Clearfield county.

The judgment of every court pronounced on a subject within its jurisdiction is conclusive and binding on all other courts, except those only before which it comes by appeal, certiorari or writ of error: McDonald v. Simcox, 98 Pa. 619; Sweeney v. Girolo, 154 Pa. 609; Clayton's Est., 1 Chester Co. Rep. 21.

A sale of real estate by order of the orphans' court can only be invalidated by establishing a want of jurisdiction of the court, or by fraud practiced in effecting it: Gallaher v. Collins, 7 Watts, 552; Leedom v. Lombaert, 80 Pa. 381; Haines v. Hall, 209 Pa. 104; Sheets v. Hawk, 14 S. & R. 173; McDonald v. Simcox, 98 Pa. 619.

OPINION BY MR. JUSTICE POTTER, January 3, 1910:

This was an action of ejectment for the recovery of 106 acres of land in St. Clair township, Westmoreland county, brought by Edwin Patchin and others, who were heirs at law of George Patchin, deceased, against the Seward Coal Company. Upon the trial a verdict for the defendants was directed, and afterwards a motion for judgment non obstante veredicto was refused, and judgment was entered upon the verdict.

It appears that on November 26, 1897, George Patchin, a resident of Clearfield county, was declared a lunatic by an in-

quest held in that county.  His son, Edwin Patchin, was appointed his committee, but subsequently resigned, and on January 5, 1900, A. D. Bates was appointed committee in his place.  The lunatic owned real estate in Clearfield, Indiana and Westmoreland counties, the latter being the land which is the subject of the present suit in ejectment.

On February 23, 1900, A. D. Bates, committee of the lunatic, presented a petition to the court of common pleas of Clearfield county, praying for an order to sell the real estate of the lunatic in Indiana and Westmoreland counties for the payment of his debts and the maintenance and support of himself and his family.  An order was made, authorizing and directing the committee to make application to the court of common pleas of Westmoreland county for the sale of the real estate located in its jurisdiction.  On March 1, 1900, the committee presented a petition to the Westmoreland county court, setting forth the proceedings in Clearfield county and praying for an order to sell the real estate of the lunatic in Westmoreland county.  The order was granted and the real estate, being the same land the title to which is in question in the present suit, was sold by the committee, and the sale was duly confirmed and deed made to the purchaser.  The title of the purchaser has, by subsequent conveyances, now become vested in the Seward Coal Company, the defendant and appellee.

On October 19, 1904, George Patchin died intestate, and the present suit was brought by his heirs at law, to recover possession of the land thus sold and conveyed by his committee. The plaintiffs alleged that the proceedings in Clearfield county were defective and not in compliance with the requirements of the statute.  That the court was without jurisdiction because the next of kin were not all notified; that the record did not show the appointment of a guardian ad litem for certain minors.  And further, that if the court of Clearfield county did not have jurisdiction to make its order, the court of Westmoreland county acquired no jurisdiction.  Plaintiffs maintained that these defects were fatal to the validity of the sale, and that no title passed thereby, and that George Patchin at the time of his death was still the owner of the land.

The crucial point in this case, as contended by counsel for appellants, is whether the court of common pleas of Clearfield county had jurisdiction to make the order authorizing the committee of the lunatic to raise the sum of money required. The existence of the jurisdictional facts must be determined by an inspection of the record. "It is settled law that the facts set out in the petition determine the jurisdiction of the court:" Bennett v. Hayden, 145 Pa. 586. The petition to the Clearfield county court stated that the lunatic had a wife, Agnes Patchin, and nine children, four of whom were minors, and that these were all of the next of kin of said lunatic capable of inheriting his estate. It further set forth as a fact that by the acceptance of service and joinder in the said petition of the wife, and all of the children of said George Patchin except one, they had due notice of the application. It again called attention to the fact that four of the children were minors, and had no guardian, and prayed that a guardian ad litem be appointed at once by the court for these minor children. To this petition was also attached what purported to be the actual acceptance of service by the wife and all the children except the oldest son, of notice of the application to be made by the committee for the sale of real estate of the said George Patchin. There was also a return that notice of the application had been served on Edwin Patchin, the oldest son of the lunatic, by leaving a true and attested copy thereof with his wife. It further appeared from the petition that this son, Edwin Patchin, had in the first instance been appointed a committee of the person and estate of the said lunatic, but had done nothing to protect the interests of the estate, and thereafter had been superseded as committee by the appointment of the petitioner, A. D. Bates. From this and from other averments appearing in the petition, it is very apparent that the said Edwin Patchin must have been, from the circumstances of the case, and aside from the actual notice given, fully aware of the necessity for the application by the committee for leave to make sale of the said real estate, and of the proceedings in connection therewith. It appears also from the record that in the Westmoreland county petition, it was averred "that ten

days' notice of this application was given to Agnes Patchin, wife of said lunatic, and to all of his children who were next of kin." There was an affidavit of the committee to the same effect, which averred in addition that the notice was given to the next of kin "personally." In this petition it was also averred that Allison O. Smith had been appointed by the Clearfield county court guardian ad litem of the minor children of George Patchin. From all this we are abundantly satisfied that it does appear that due notice of the intended application for the sale of the real estate was given to the wife and next of kin of the lunatic, capable of inheriting the estate, and that the contention upon the part of the appellants cannot be sustained, that the Clearfield county court was without jurisdiction by reason of the lack of this essential notice. The record does disclose certain irregularities in the proceedings which should have been corrected, or which would have justified the court in setting them aside, had they been brought to its attention in that case, but such defects cannot be raised here in this collateral proceeding. We do not go to the extent of holding as the trial judge apparently did, that without regard to the proceedings in Clearfield county, it was sufficient if it appeared that in some way the wife and next of kin had due notice of the application for the final order of sale made in the Westmoreland county court. We think that under the provisions of the statute the fact that due notice of the intended application had been given to the wife and the next of kin should appear to the court of common pleas having jurisdiction of the accounts of the committee, before it can be called upon to act. Certainly this is true where the real estate is in the same county; and where it is in another county, the same court is to be satisfied of the expediency of a sale or mortgage of the real estate not within its jurisdiction before it can lawfully authorize the committee to raise the money. Doubtless it is good practice to see that due notice to the wife and next of kin, as required by sec. 24 of the Act of June 13, 1836, P. L. 589, is given of the intended application in both courts. As an examination of the record shows no lack of jurisdictional facts, it follows that parol evidence could not

properly have been admitted to impair the effect of the record. The truth of the record, as to matters within the jurisdiction of the court, cannot properly be questioned here. Whatever irregularities existed should have been corrected in the case itself in which they occurred; they are not to be taken up or considered at this time, in a collateral proceeding. We see no merit in any of the assignments of error, and they are therefore dismissed, and the judgment is affirmed.