Foley et al., Appellants, *v.* Smay et al.

Argued April 20, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY and RENO, JJ. (JAMES, J., absent).

*Carroll Caruthers,* for appellants.

*Henry E. Marker, Jr.,* of *Marker & Rial,* with him *John A. Walls,* for appellees.

OPINION BY RHODES, J., September 27, 1944:
This was an action in ejectment tried, by agreement

of the parties, by the court without a jury, under the Act of April 22, 1874, P. L. 109, as amended by the Act of July 10, 1935, P. L. 640, 12 PS §688 et seq. Plaintiffs have appealed from the judgment entered in favor of defendants.

The procedure prescribed by the Act of 1874, as amended, was followed, and there is no merit in plaintiffs' complaint to the contrary. Following the trial, the court filed its decision in writing. Exceptions to the findings of fact and conclusions of law were filed by plaintiffs. Upon argument the court in banc ordered judgment to be entered according to the decision previously filed.

On June 29, 1928, John Palmer died, and under his last will and testament his widow, Mary Jane Palmer, became the owner of a house and lot in Derry Township, Westmoreland County. On or about February 20, 1929, Mrs. Palmer executed two deeds for the property above mentioned to her daughter, Olive Foley, one of the plaintiffs in the present case. On October 19, 1929, Mrs. Palmer brought a bill in equity against her daughter, Olive Foley, and the latter's husband, James Foley, to recover the conveyed property on the ground that the deeds had been acquired by undue influence and fraud. The chancellor found the controlling facts and legal conclusions in favor of Mrs. Palmer. A reconveyance and retransfer of the property in question was ordered. The decree was affirmed upon appeal to the Supreme Court in *Palmer v. Foley et ux.*, 305 Pa. 169, 157 A. 474. The property was reconveyed by Olive Foley and her husband, James Foley, to Mrs. Palmer by deed dated June 15, 1931.

On May 25, 1931, in a proceeding for the appointment of a guardian of the estate of Mrs. Palmer instituted under the Act of May 28, 1907, P. L. 292, as amended, 50 PS §941 et seq., Mrs. Palmer was declared to be weakminded and unable to take care of her prop-

erty, and the Barclay-Westmoreland Trust Company of Greensburg, Pa., was appointed guardian, and filed its bond.

In *Palmer v. Foley et ux.*, supra, 305 Pa. 169, at page 176, 157 A. 474, at page 476, it was said: "When this bill was filed, a proceeding was instituted on the law side of the court to have a guardian appointed for Mrs. Palmer, because of her incapacity. This was never formally concluded, but the lower court, in disposing of the case at bar, decreed that defendants transfer the property in question to a designated trustee for plaintiff's use, and further decreed that she was so weak mentally as to be liable to become the victim of designing persons and fritter away her estate and therefore appointed the said trustee as her guardian. It is immaterial to the defendants whether the property be returned to Mrs. Palmer or to a trustee for her use. Hence, they have no standing to raise that question. A decree, although irregular, will not be reversed except at the instance of a party injured thereby. Treating the appointment of guardian as made in the pending proceeding on the law side of the court, the appeal therefrom should be to the Superior Court."

The action of the court in appointing a guardian for Mrs. Palmer was not challenged in the manner indicated by the Supreme Court.

On June 15, 1933, the Barclay-Westmoreland Trust Company, guardian of the estate of Mary Jane Palmer, petitioned the court to authorize a private sale of the real estate of its ward to defendants. The petition set forth, inter alia, "That the following are the children of the said Mary Jane Palmer and the only persons capable of inheriting said estate: Olive May Foley, daughter, William Palmer, son, Laura Belle Doumont, daughter. A copy of this petition, together with notice that your petitioner intends to present the same to the Court on the 15th day of June, 1933, was duly served

on each of said persons as well as the said Mary Jane Palmer, as will appear by Exhibit 'C' hereto attached." On June 26, 1933, the court refused to authorize the private sale of the property and ordered the same to be sold at public sale. At the public sale the property was purchased by defendants. The court confirmed the sale on August 16, 1933, and in compliance therewith a deed was executed and delivered to defendants by the guardian.

Mere procedural irregularities which do not go to the jurisdiction of the court to make the order of sale should have been raised in the proceeding in which the order was made. They cannot be attacked collaterally in the present case by one who was before the court by service of copy of petition and notice. The complaint of Olive Foley, one of the plaintiffs, that she had insufficient notice is without merit at this time. "The truth of the record, as to matters within the jurisdiction of the court, cannot properly be questioned here": *Patchin v. Seward Coal Co.*, 226 Pa. 159, at page 166, 75 A. 250, at page 252. As said by the court below in its opinion: "At any time after its service, and even after the confirmation of the sale, she could have appeared and objected to the sale on this ground. In view of her recent experience in the equity case, in which this very property was recovered from her by her mother, it is highly unlikely that she was in ignorance of the sale at the time it was made. Yet she voluntarily chose to do nothing, and remained silent from 1933 until this proceeding was begun in 1937, long after her mother had died and the estate had been settled, before taking any steps to set aside the sale. Balked in one effort to cheat her mother of the property, she is in no equitable position to upset a judicial sale to a bona fide purchaser for value upon such a ground. Her silence when she could, and should in all fairness have spoken promptly, is equivalent to her waiver of

the irregularity of the service and consent to the sale." "The principle that the integrity of a judgment of a court having jurisdiction, except for fraud, cannot be questioned collaterally is so indurated in our judicial policy that citation of authority to support it would seem vain and useless iteration": *Kennedy v. Baker et al.,* 159 Pa. 146, 149, 28 A. 252, at page 253. See *Yaple et al. v. Titus et al.,* 41 Pa. 195, 202.

We agree with the court below that it had jurisdiction to act upon the petition of the guardian for the sale of the real estate of Mrs. Palmer. The jurisdiction of the court was determined from the facts set forth in the petition, and this disclosed no fact which would deprive the court of jurisdiction to make an order of sale. *Mitchell v. Spaulding,* 20 Pa. Superior Ct. 296, 301, affirmed 206 Pa. 220, 55 A. 968. An examination of the record shows no lack of jurisdictional facts. In the petition the names of those capable of inheriting the estate of Mrs. Palmer were given. There was nothing to indicate the existence of any other. It is not sufficient to deprive the court of jurisdiction that an unnamed potential heir existed. The state of the record is unlike that in *Mitchell v. Spaulding,* supra, 20 Pa. Superior Ct. 296, 300, where it showed upon its face that one of the next of kin of the lunatic, within the meaning of the statute, had not been given legal notice; and for that reason the sale was set aside. In affirming this court (206 Pa. 220, 224, 55 A. 968, 969), the Supreme Court said that the defects in the inquisition and in the petition for sale were apparent on the face of the record, and went directly to the jurisdiction of the court.

The Act of June 13, 1836, P. L. 589, §24, 50 PS §783, provides: "No order for the sale or mortgage of real estate, as aforesaid, shall be granted, unless it appear that due notice of the intended application was given to the wife, if any, and the next of kin of the

lunatic or habitual drunkard, capable of inheriting the estate." The Act of May 28, 1907, P. L. 292, §6, 50 PS §961, provides: "The guardian, so appointed, shall have precisely the same powers, and be subject to the same duties, as a committee on lunacy in the state of Pennsylvania. ......" We think it follows that a guardian must act in giving notice of an intended application for sale of real estate of its ward in the same manner as a committee of a lunatic. See *Voshake's Estate*, 125 Pa. Superior Ct. 98, 103, 189 A. 753.

It now appears that Mary Jane Palmer died intestate on September 20, 1935, leaving to survive her as next of kin William Palmer, a son, Laura Belle Doumont, a daughter, Olive Foley, a daughter, one of the plaintiffs, and Raymond Oliver, a grandson, the other plaintiff in the case, he being the only surviving child of Minnie Marie Oliver, a daughter of Mary Jane Palmer, who died on December 13, 1918. Raymond Oliver was omitted as one of the persons capable of inheriting Mrs. Palmer's estate in the petition for sale of real estate by the guardian of her estate. Notwithstanding this omission the court had jurisdiction to order a sale. It is upon the facts set forth in the petition that the jurisdiction of the court is to be determined, and a holding to the contrary would be untenable. The omission of Raymond Oliver from the petition as one of the next of kin of Mrs. Palmer, and the failure to serve him with notice of the presentation of the petition, creates, we think, a situation analogous to one where an heir has not been included in the execution of an heirs' deed. The conveyance is valid as to those who have joined, but one who is not a party is not bound by the action of the others; he retains his interest in the property; and the purchaser assumes the risk of all in interest, having joined in the deed to him. As to Raymond Oliver, the proceeding was coram non judice; he had his interest in the property of Mrs. Palmer upon her death the same as if no sale had been made. The pro-

visions of the statute not having been satisfied as to him, his interest was acquired by descent and was not affected by the proceedings to which he was not a party. It follows that the sale to the defendants having no validity as to him, and his interest in the property not having been lost, he cannot be required to pay defendants the proportionate share of the purchase price "to recover his interest in the land." See *Fricke v. Safe Deposit & Trust Co.*, 183 Pa. 271, 38 A. 601. In the absence of compliance with the statutory provisions nothing could defeat his acquisition of a legal title to an interest in Mrs. Palmer's property upon her death. The creation of a lien by the guardian without notice to this plaintiff, and the consumption of the proceeds for the benefit of Mrs. Palmer during her lifetime would have created no different situation. As the completeness of defendants' title depended upon a compliance with the statute as to notice to all of the next of kin of the intended application for the sale of the real estate, the judgment of the court below must be reversed as to Raymond Oliver.

As to Olive Foley the judgment is affirmed; as to Raymond Oliver the judgment is reversed, and judgment is entered in his favor against the defendants.