Foley, Appellant, et al., *v.* Smay, Appellant, et al.

Argued March 21, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and JONES, JJ.

judgment affirmed in Appeal No. 63.

*Henry E. Marker, Jr.,* with him *Marker & Rial,* for Lena Smay, appellant No. 42, appellee No. 63.

*Carroll Caruthers,* for Foley, appellant No. 63, appellee No. 42.

OPINION BY MR. JUSTICE PATTERSON, May 21, 1945:

This is an action in ejectment by Olive Foley, appellant in Appeal No. 63, and Raymond Oliver against H. S. Smay and Lena Smay, appellant in Appeal No. 42, to recover possession by each of an undivided one-fourth interest in certain real estate sold by the Barclay-Westmoreland Trust Company, guardian of the estate of Mary Jane Palmer, a weak-minded person. A trial by a judge without a jury,[1] resulted in judgment for H. S. Smay and Lena Smay, purchasers at a public sale directed and confirmed by the Court of Common Pleas of Westmoreland County. The trial court held that as to Olive Foley the record was complete and regular on its

---

[1] Act of 1874, P. L. 109, 12 P.S. sec. 688.

face and she could not now successfully collaterally attack the proceedings and sale. With regard to Raymond Oliver it held that the proceedings were *coram non judice,* his name not being set forth in the petition for sale of real estate by the guardian and no notice of the same having been given to him, but, since the proceeds had been exhausted in support of Mary Jane Palmer, there was nothing which he could have inherited and, therefore, he now possessed no interest which would permit him to successfully attack the conveyance. On appeal to the Superior Court the judgment against Olive Foley was affirmed but that against Raymond Oliver was reversed. This Court allowed appeals by Olive Foley and Lena Smay.

This action in ejectment was tried on the declaration and abstracts of title submitted by Olive Foley and Raymond Oliver and the answer and abstract of title submitted by the purchasers, H. S. Smay and Lena Smay. The latter objected to the admission of the abstracts of title for the reason that the action was improperly brought and the records of the court in the sale of the real estate could not be attacked collaterally.

The evidence established that on June 15, 1931, pursuant to order of court directing a reconveyance Olive Foley and her husband, James Foley, conveyed the property in question to Mary Jane Palmer. See *Palmer v. Foley et ux.,* 305 Pa. 169. On May 25, 1931, as the result of proceedings instituted pursuant to the Act of May 28, 1907, P. L. 292, 50 P.S., section 941, Mrs. Palmer was declared to be weak-minded and unable to take care of her property, and the Barclay-Westmoreland Trust Company of Greensburg was appointed guardian. On June 15, 1933, said guardian petitioned the court to authorize a private sale of said real estate to defendants. The petition averred, *inter alia,* that the personal estate of Mrs. Palmer had been completely exhausted by the payment of debts and for maintenance and support;

that the assessed valuation of the real estate was $580; that the income therefrom ($120 per year) was wholly insufficient to maintain and support Mrs. Palmer; that funds were needed for the maintenance and support of Mrs. Palmer and the payment of an existing lien against the property; that an agreement had been entered into for the sale of said real estate for $800, said agreement being subject to the approval of the court; that the affidavits attached thereto by persons familiar with the property and real estate values showed the price agreed upon was fair and reasonable; that the only persons capable of inheriting the estate were Olive May Foley, daughter, William Palmer, son, and Laura Belle Doumont, daughter; and that a copy of the petition and notice of intended presentation to the court was duly served on all the aforesaid persons. It failed to include the name of Raymond Oliver, the only surviving child of Minnie Marie Oliver, a daughter, who had died December 13, 1918.

The court refused to allow the private sale but directed public sale. On August 15, the guardian filed a return of the public sale and petitioned for a confirmation thereof, setting forth that, pursuant to the order of court, due public notice by advertisement and handbills had been made, both upon the property and by advertisement in designated newspapers; that ten days previous notice of time and place of sale was given to the interested parties by personal service upon them with a written notice of said sale; that the terms as set forth in the advertisement and handbills, had been complied with and that the price of $800 had been bid; and, requested confirmation of said sale. On August 16, 1935, the court approved and confirmed said sale for the sum of $800.

The trial judge filed an opinion and decree and entered verdict for the Smays. A motion for judgment *non obstante veredicto* was then filed, and exceptions to the findings of fact and conclusions of law were made.

Argument was had before the court *en banc* which dismissed the exceptions and overruled the motion. Upon appeal to the Superior Court the decree was reversed insofar as Raymond Oliver was concerned and affirmed as to Olive Foley.

With regard to the appeal of Olive Foley there can be no question but that the record is complete and regular on its face. No exceptions were filed by her at the time of the sale, nor did she take any steps to have the sale set aside although ample opportunity was had to do so. Alleged defective compliance with the procedure set forth by statute cannot be challenged in the present proceeding. Errors, if any, were mere procedural irregularities and did not affect the jurisdiction of the court to direct and confirm the sale: *Knox v. Noggle,* 328 Pa. 302. Judgment was properly entered against her.

The appeal of Lena Smay challenges the action of the order of the Superior Court in reversing the court below and holding that Raymond Oliver has a present one-fourth undivided interest in the real estate. Both the court of common pleas and the Superior Court agreed that as to Raymond Oliver the proceedings were *coram non judice,* relying upon *Bennett v. Hayden,* 145 Pa. 586, and *Patchin v. Seward Coal Company,* 226 Pa. 159. The Superior Court, however, differed with the common pleas court in that it refused to consider as controlling the fact that the proceeds from the sale of the property had been entirely consumed for the support and maintenance of Mrs. Palmer, and, further, that no tender had been made of the amount of the respective interest by Oliver.

A sale by a guardian of a weak-minded person is a judicial sale. Statutory requirements must be fulfilled to confer upon the court jurisdiction to effect such sale. "The existence of the jurisdictional facts must be determined by an inspection of the record. 'It is settled law that the facts set out in the petition determine the juris-

diction of the court:' *Bennett v. Hayden,* 145 Pa. 586":
*Patchen v. Seward Coal Company,* 226 Pa. 159, 164. The
petition of the Barclay-Westmoreland Trust Company
sets forth all jurisdictional requirements. The record is
complete and regular on its face. It shows conclusively
that all persons interested in the estate of the ward had
received notice as required. That Raymond Oliver was
unknown as an heir and not included as such in the
petition does not militate against the conclusive effect
of the judicial sale. *Bennett v. Hayden,* supra, holds
that the court is without jurisdiction to decree a public
sale if the fact that notice has been given to the wife and
next of kin does not appear of record. The Court said
(pp. 596, 597) : "Moreover, the court had no jurisdiction
to make an order . . . for a public sale, unless it ap-
peared upon the face of the petition that the notice to
the next of kin . . . had been given. The entire proceed-
ing was coram non judice." The record in the instant
proceedings does not contain such jurisdictional defect.
The interests of Raymond Oliver in the estate of Mrs.
Palmer at the time of the sale cannot properly be con-
sidered as those of an heir or next of kin; nor is it proper
to draw an analogy between failure of an heir at law to
join in a deed of conveyance and failure to name and
serve Oliver as a potential heir or next of kin. In the
former the interests are vested and absolute; in the
latter they are inchoate and expectant only. Materiali-
zation of any such interests which Oliver had during the
lifetime of Mrs. Palmer into a property interest was de-
pendent upon her decease while seized of the property.
This property was the sole property of Mrs. Palmer and
could have been conveyed by her during her lifetime and
the proceeds therefrom used by her as she deemed proper.
This is precisely what occurred here, although the sale
was made by a guardian appointed by the court. In
either circumstance there would remain nothing which
Oliver could inherit. The mere inchoate and expectant

interest never became anything more because at the death of Mrs. Palmer there was nothing to inherit. To now permit him to assert a right to a one-fourth undivided interest in this real estate would create an inheritance which never existed in fact or law.

We are of opinion that Judge GORDON properly held that "the property was consumed in its entirety before Mrs. Palmer's death, and nothing, therefore, passed by descent to the plaintiff. This, we think, is the manifest equity of the case, and completely defeats the right of both plaintiffs to recover in the present action."

In Appeal No. 42 the judgment of the Superior Court is reversed and the judgment of the common pleas court reinstated; in Appeal No. 63 the judgment is affirmed.