## In re Camden Trust Co., etc.

*Frank A. Moorshead,* for petitioner.

SLOANE, J., June 25, 1945.—I cannot, in its present form and at its present stage, approve this petition for leave to sell real estate under the Revised Price Act of June 7, 1917, P. L. 388, as amended, 20 PS §1561 et seq. The petition is by the successor-trustee of a bond-issue mortgage on the captioned Philadelphia premises. The trustee is now titleholder for the bondholders, having received a conveyance from the mortgagor, Schlorer's.

I cannot do it because the requirements of the act have not been observed—precisely, section 4, 20 PS §1601. I was not given an opportunity to "cause a citation to be served on all persons in being who shall not have appeared, . . ." and therefore could not fix a day for the bondholders, or any of them, to appear, "warning them to appear and that they shall be heard on the day designated". What was done was the filing

of a petition and placing i on the motion list. The petition does aver "That all bondholders have received notice of the intended sale and of the presentation of this petition." But the notice did not say when the petition is to be presented, and did not give the bondholders notice of a day for appearance in court—what the notice did was to say: "If this sale meets with your approval, will you kindly fill in and sign the enclosed card and *immediately return* it in the enclosed stamped envelope to Camden Trust Company, Trustee", etc. That procedure does not meet the requirements of section 4 of the Revised Price Act.

I refuse to overlook that which my eyes see, sit tranquilly and let the apparent omission go by. I am told I might be academic in my position—that all the bondholders know of the proposed sale; that, in fact, a majority have approved the sale. But I ask, and get no satisfactory answer, about those, a substantial minority, 40 percent, who have not approved, one or more of whom might well come to court and assign proper reasons for not approving the sale if they knew they could come and were so notified. And it is not for anyone to say that this section of the act is academic, or technical, when the purpose is that there shall be approval where ". . . such court shall be of opinion that such decree will be to the interest and advantage of all those interested . . ." and the formulation of opinion should be with knowledge of all concerned. Technical, academic—these can be words of escape and the promise of obscurity.

I do not say section 4 is of first, or middle, prominence. What I do press, and what is of central importance, is that my jurisdiction is statutory; my power to have the matter before me, to hear it, and to decide it, stems from this act of assembly. The plain thought then must be that the act is to be followed in its full detail to have jurisdiction, and without strict observance of the act, including section 4, what I do would

be coram non judice. See Foley et al. v. Smay et al., 352 Pa. 292, 296, 297 (1945). I can see no sanity in acceding to the adoption of a nullity. And section 4 was in the mood of the legislators' thinking as can be seen from the purpose of the act. That section turns into the thought of the act and is a symmetrical part of it.

And then the petition is not accurate. It recites that the sale price is $35,000 and the full indication is that will be the amount for distribution to bondholders. That is not so, for I am told there is a broker's commission of five percent, which makes the sale price $1,750 less. The bondholders ought to be fully apprised.

Petition dismissed, without prejudice.