## Dudley, Guardian, etc., v. Friedman et al.

*Meyer E. Cooper*, for plaintiff.

*J. Jaffe*, for defendants.

KUN, P. J., September 22, 1952.—Plaintiff Joseph J. Dudley, guardian of the estate of Albert Friedman, a weakminded person, brought this action in ejectment in the Court of Common Pleas No. 7, as of the above term and number. As the action raised the question of the validity of a decree entered in the Court of Common Pleas No. 1 by the late President Judge McDevitt, the judges of the Court of Common Pleas No. 7 suggested that we accept a transfer of the case to this court, which transfer was effected by an appropriate

order. Plaintiff claims that defendants are in possession of two properties, 2202 South Street and 2204 South Street (2203 Kater Street is part of the property listed as 2202 South Street), of which the incompetent has a right to possession of and title to an undivided one-fourth interest, together with plaintiff's share of the rents and profits from the premises.

The complaint alleges that Albert Friedman and the three defendants are the children of Jacob M. Friedman, who was the owner of the aforementioned premises, the subject of this action. Jacob M. Friedman was adjudged a weakminded person by decree of this court on December 6, 1928, as of June term, 1928, no. 19810. On May 12, 1944, John J. Toner was appointed substituted guardian of the estate. On August 3, 1945, the substituted guardian petitioned the court for leave to convey the premises in question to the holder of the mortgages thereof, who was then in possession by reason of defaults in the performance of the terms and conditions of the bonds and mortgages on the part of the mortgagor, Jacob M. Friedman. The conveyance was to be made in consideration of the release to the estate of Jacob M. Friedman of any and all liability on said bonds, as well as any and all liability for taxes which had accrued to the date of this petition. The substituted guardian alleged this conveyance was in the best interests and to the financial advantage of the estate of the incompetent, because the mortgagee was in possession, and the taxes due and the arrearages on the interest were in excess of any equity in the premises.

On August 7, 1945, upon consideration of the guardian's petition, Judge McDevitt, by decree, authorized the guardian to convey the premises to the mortgagee or her nominee, conditioned upon the guardian securing a release from all liability on bonds secured by the

mortgages, and also a release from liability for city and school taxes which had accrued.

Jacob M. Friedman, the father incompetent, died on July 2, 1951. Plaintiff alleges that defendants have been collecting and receiving rents since August 7, 1945, and have been the record owners of the premises since March 15, 1950.

Plaintiff asserts that since the petition to convey contained no allegation as to who were the next of kin of Jacob M. Friedman, and plaintiff incompetent, a next of kin, never received notice of the petition, the proceedings as to him were coram non judice.

Defendants filed preliminary objections to the complaint in ejectment, contending that: (1) Notice of the petition was not required to be given to Albert Friedman, plaintiff incompetent, or to any next of kin of Jacob M. Friedman, and (2) that the decree of the court, entered August 7, 1945, authorizing the conveyance of the premises by the guardian cannot be collaterally attacked more than seven years after its entry.

The Act of May 28, 1907, P. L. 292, sec. 6, 50 PS §961, provides that a guardian appointed by a court of common pleas shall "have precisely the same powers, and be subject to the same duties, as a committee on lunacy in the State of Pennsylvania." The Act of June 13, 1836, P. L. 589, 50 PS §783, being the act referred to under which a committee in lunacy may be appointed in the State of Pennsylvania, provides for the sale and mortgage of real estate, and what the requirements of the application for an order of sale must show. Section 24 of the act further provides "that no order for the sale or mortgage of real estate, as aforesaid, shall be granted, unless it appear that due notice of the intended application was given to the wife, if any, and the next of kin of the lunatic or habitual drunkard, capable of inheriting the estate." Therefore, the powers and duties of a committee under the Act of 1836 are

imposed upon and made a part of proceedings under the Act of 1907.

Both plaintiff and defendants question the applicability of the Act of May 28, 1907, to the petition to convey. Plaintiff contends that since the petition to convey burdensome property was not a petition "to sell", it was not within the scope of the statute and therefore the court had no jurisdiction. Defendants contend that since this transaction was not a "sale", there was no necessity to comply with the requirement to notify Jacob M. Friedman's next of kin. There is no merit in either contention. The petition was not in term a petition to sell. Indeed, it was entitled "Petition to Convey Burdensome Property". However, inasmuch as the conveyance was to be made in consideration of the assumption of the payment by the grantee of all the accrued taxes and the release of accrued mortgage interest, the transaction amounted to a sale in fact so that, so regarded, notice had to be given to the next of kin of the proposed conveyance of the premises for the consideration mentioned. Unless so regarded, the court had no power under the act to entertain the petition at all because there is no provision there in specific terms for such a conveyance. We are of the opinion, however, that even if it were a true case of abandonment of alleged burdensome property without consideration, although as stated that kind of conveyance is not specifically mentioned in the Act of May 28, 1907, there was an inherent power in the court to grant such a petition. However, in such situation, there was the same reason for requiring notice to the next of kin of the proposed conveyance as in the disposition of any property of the incompetent's estate in any other manner. The obvious reason for requiring notice to the next of kin in any situation when it is proposed to convey property of the incompetent is to give them

the opportunity to raise the question before the court as to the advisability of the transaction.

In Mitchell v. Spaulding, 206 Pa. 220, 223 (1903), quoted in Frederick Estate, 156 Pa. Superior Ct. 547, 552 (1944), in referring to the necessity of first giving "next of kin . . . capable of inheriting" notice of petition to sell or convey property of incompetent, the court said:

"This requirement is not merely directory; it absolutely prohibits the making of the order unless the provisions of the section have been complied with. The legislature, no doubt, recognizing the danger involved in the exercise of the jurisdiction which they conferred and the helplessness of the person whose property was to be sold, made the exercise of the power absolutely dependent upon notice to the next of kin, and, that there might be no mistake as to who were entitled to notice, defined the term 'next of kin' as the persons 'capable of inheriting the estate'."

The Mitchell case is also authority against defendants' second objection as to collateral attack, stating as to a similar situation:

"The defects in the inquisition and in the petition for sale being thus apparent on the face of the record, and going directly to the jurisdiction of the court, the cases relied on by appellant as to collateral attack on the judgment have no applicability."

Both parties rely on the more recent case of Foley v. Smay, 352 Pa. 292 (1945), to support their respective contentions. In that case the court decided that the lower court granting the petition of an incompetent's guardian to sell real estate had obtained jurisdiction where three of the four next of kin had received the proper statutory notice of the petition and decree. As to the fourth next of kin, the court said although notice to him had been inadvertently neglected, as to him the proceedings were coram non judice; however,

the court refused to set aside the unnotified next of kin's share in the real estate as claimed, as it appeared that the entire proceeds from the sale had been used up for the incompetent decedent's support during his lifetime, so that the jurisdictional point referred to was a moot question.

It may be that in the case before us it can be shown that the failure to give incompetent plaintiff notice of the petition to convey did not injure him in any way, because there was no equity in the property. As set forth in the petition to convey, the property was burdensome, the arrears in taxes thereon and the accrued interest on the mortgages were in excess of the equity in the property, rendering the question of notice moot, as in the case of Foley v. Smay, supra. However, the failure of notice in this case as pleaded was a fatal jurisdictional defect which rendered the decree in question coram non judice. On the face of the complaint a good cause of action is pleaded. Accordingly, defendants' preliminary objections are overruled, with leave to them to file an answer within 20 days.