**Martz Estate**

*Merrill W. Kerlin,* for petitioner.

MacPHAIL, P. J., February 11, 1972.—Petitioner, guardian of the estate of an incompetent, has filed a petition requesting the court to approve the public sale of the incompetent's real estate. Notice of the presentation of the petition to approve the sale was given to the heirs at law of the incompetent. One of the heirs appeared to protest the sale when the petition was formally presented to the court. She stated that she felt the price was inadequate and that it was unnecessary to sell the real estate. A representative of the corporate guardian was also present in court and stated that the sale was in the best interest of the incompetent and that the purchase price was fair and adequate. The court took the matter under advisement.

Subsequent to the presentation of the petition, written exceptions have been filed and a written offer to purchase the real estate for a price in excess of that bid at the public sale has been received by the court.

After a careful consideration of the circumstances, we feel that the within petition must be denied. All of the problems now presented in this matter could have been avoided had the guardian proceeded in accord with the provisions of section 443 of the Incompetent's Estates Act of February 28, 1956, P.L. (1955) 1154, as amended, 50 PS §3443. It is there provided that when the guardian of the estate of an incompetent desires to sell the real estate of the incompetent at public or private sale, the court must first find that the proposed sale is in the best interest of the incompetent. If the court decides that such sale is in the best interest of the incompetent, it then approves or specifies the terms upon which the sale is to be made, the security to be entered, if any, and the notice to be given. If this

procedure is followed and the court has jurisdiction, the sale then has the effect of a judicial sale and may not thereafter be impeached: Foley v. Smay, 352 Pa. 292 (1945).

Section 12, Rule 10 of the Supreme Court Orphans' Court Rules, also contemplates the filing of the petition for the sale of real estate prior to the sale itself.

It must be noted that there is a significant difference between the authority of a personal representative of a decedent's estate to sell real estate at public sale, Section 541 of the Fiduciaries Act, and the authority of the guardian of an incompetent's estate to sell real estate at public sale, and for good reason. There is always the hope and the possibility that the incompetent may one day be returned to competency.

In this case we feel that there is more than a procedural problem. As we have already indicated, one of the heirs involved has objections to the sale at any price. Although we have heard these objections, it was done "after the fact." Moreover, there is the offer to purchase at a better price. Under these circumstances we are satisfied that justice may only be done by refusing the petition to approve the sale and directing the guardian to proceed under the provisions of section 443 of the Incompetent's Estates Act, supra.

Specifically, we hold that where there has been no prior determination by the court that the public sale of an incompetent's real estate is in the best interest of the incompetent, such sale is void. Since the sale now before us was obviously conducted on advice of counsel and no bad faith on the part of the guardian is indicated, we do not believe a surcharge for actual costs incurred is in order.

## DECREE OF COURT

And now, February 11, 1972, the guardian's peti-

tion to have the court approve the public sale of the incompetent's real estate is herewith denied and the guardian is directed to refund the purchaser's deposit and thereafter to proceed under the provisions of section 443 of the Incompetent's Estates Act. It is further decreed that the guardian's actual out-of-pocket expenses for advertising, the auctioneer's fee, if any, and other incidental costs or fees, exclusive of any fee for the guardian or its counsel, shall be charged against the incompetent's estate.